IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.    CRIMINAL ACTION NO.  3:20-00151

HAROLD ARTHUR THOMPSON

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Harold Arthur Thompson's "Motion to Suppress All Evidence Obtained During Stop and Search." ECF No. 26. The Government submitted a response (ECF No. 29), and the Court held a motion hearing on October 26, 2020. Based on the Court's findings at the hearing and the following opinion, the Court **DENIES** the motion.

The motion arises from a stop that occurred on September 14, 2019. Leading up to the stop, an individual called 911 to report a vehicle swerving on the road. The individual identified the vehicle as a silver Toyota 4-Runner with a Virginia license plate, described the vehicle's location, and gave the department his name and telephone number. Soon after, the police department issued a "be on the lookout" notification. At the time of the notification, Deputies Temple and Warner were separately on patrol in the vicinity. Deputy Temple was the first to spot a vehicle meeting the caller's description. However, the vehicle was moving in the opposite direction, and Deputy Temple was not able to pursue it further. Deputy Temple informed Deputy Warner that he spotted a vehicle that matched the 911 caller's description and that the driver was a male with tattoos on his face.

Shortly thereafter, Deputy Warner located a silver Toyota 4-Runner with Virginia license plates and a tattooed male, later identified as Defendant, sitting in the driver's seat. The vehicle

was parked in the driveway of a home that Deputy Warner knew to be associated with drug activity. Deputy Warner activated the law enforcement vehicle lights and parked behind Defendant's vehicle. He then approached Defendant's vehicle and noticed the smell of marijuana coming from Defendant. Deputy Warner asked Defendant if he had used marijuana earlier, and Defendant confirmed that he had. With this confirmation, Deputy Warner asked Defendant to step out of the car to conduct a field sobriety test. After noticing signs of impairment, Deputy Warner asked Defendant to take his hands out of his pockets in preparation for a pat down. When Defendant removed his hands from his pockets, he dropped a bag containing a controlled substance. Defendant was subsequently charged with possession with intent to distribute a Schedule I controlled substance in violation of 21 U.S.C. § 841(a)(1). ECF No. 1.

In short, Defendant argues that Deputy Warner's search violated the Fourth Amendment because he did not have a warrant or reasonable suspicion before approaching Defendant's vehicle. The Government argues that Defendant does not have standing to challenge the search, or in the alternative, that the stop was justified because the Deputy had reasonable suspicion to initiate the stop and probable cause to carry out the remainder of the search.

As a threshold matter, the Court finds that Defendant has standing to bring this challenge and that the incident in question constituted a search and seizure under the Fourth Amendment. A person has standing to bring a Fourth Amendment challenge when he or she "has a legitimate expectation of privacy in the invaded place." *Rakas v. Illinois*, 439 U.S. 128, 143 (1978) (citing *Katz v. United States, 389 U.S. 347, 353 (1967)*). Here, Defendant had a reasonable expectation of privacy in his vehicle and his person. *See United States v. Chadwick*, 433 U.S. 1 (1977) ("[A]utomobiles are 'effects' under the Fourth Amendment, and searches and seizures of automobiles are therefore subject to the constitutional standard of reasonableness.") The Court

...

also finds that Deputy Warner's stop constituted a search and seizure under the Fourth Amendment. As the Court found during the hearing, Deputy Warner seized Defendant when he pulled up directly behind the Defendant's vehicle and activated the law enforcement vehicle lights. Deputy Warner also acknowledged at the hearing that Defendant was not free to go. *See United States v. Jones*, 678 F.3d 293, 299 (4th Cir. 2012) (quoting *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)) (finding that a seizure occurs when, "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave."). Therefore, the Defendant has asserted an actionable Fourth Amendment claim.

Moving on to the merits of Defendant's motion, the Court finds that reasonable suspicion supported Deputy Warner's initial seizure of Defendant, and that probable cause supported the subsequent search. Under *Terry v. Ohio*, an officer may stop and briefly detain a person for investigative purposes when he or she has a "reasonable suspicion," based on articulable facts that criminal activity is afoot. *Terry v. Ohio*, 392 U.S. 1, 30 (1968). To meet this standard, the officer "must be able to articulate something more than an 'inchoate and unparticularized suspicion' or 'hunch.'" *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (quoting *Terry*, 392 U.S. at 27). Here, Deputy Warner had a reasonable suspicion that Defendant was driving under the influence based on the 911 call. The caller informed the 911 operator that he witnessed a vehicle swerving in the road and described the vehicle's make, model, state of registration, and location. All of this information accurately described Defendant's vehicle. Despite Defendant's assertions to the contrary, the caller was not anonymous because he identified himself by name and phone number. Therefore, the information was sufficiently reliable. *See United States v. Kehoe*, 893 F.3d 232 (4th Cir.2018) (finding that a caller's information was sufficiently reliable where he "provided his first name and phone number," and "provided the basis of his knowledge: his presence at the location

of the illegal ongoing criminal activity"). Moreover, Deputy Temple's description of the vehicle and the driver supported Deputy Warner's stop because his descriptions also matched the Defendant and his vehicle. Accordingly, the Court finds that the officer's initial stop was reasonable.

Following the initial stop, Deputy Warner conducted a sobriety test, patted Defendant down, and searched his car. Although these searches exceed the scope of a routine traffic stop, Deputy Warner had probable cause to expand the search. It is well settled that an officer has probable cause to search a vehicle and person where, as here, the officer detects the odor of marijuana during the traffic stop, and the detainee admits to using marijuana prior to the stop. *See United States v. Humphries*, 372 F.3d 653, 658 (4th Cir. 2004). Therefore, the Court finds that Deputy Warner did not violate the Fourth Amendment when searching Defendant's vehicle and person.

The Court accordingly **DENIES** the Motion (ECF No. 26) and **DIRECTS** the Clerk to send a copy of this Order to counsel of record, Defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

    ENTER:    October 27, 2020

    ROBERT C. CHAMBERS
    UNITED STATES DISTRICT JUDGE